■ Doris Low, an Infant, by Her Guardian ad Litem, Sun G. Low, et al., Appellants, v. National Transportation Co., Inc., et al., Respondents.— In an action to recover damages for personal injuries sustained by appellants, passengers in a taxicab, and for medical expenses and loss of services incidental thereto, the appeal is from an order setting aside a verdict in favor of appellants and granting a new trial, on the ground that the verdict was contrary to the weight of the credible evidence. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ Morton Miller, Appellant, v. Douglas F. Storer, Respondent.— In a consolidated action, the appeal is from an order denying appellant's motion for summary judgment on the third and fourth causes of action contained in his complaint, to sever the remaining causes of action alleged therein, and to dismiss respondent's complaint. The third and fourth causes of action alleged in appellant's complaint are based on written accounts stated as to moneys claimed to be due to him for legal services rendered to respondent. Respondent's complaint is for rescission of said statements of account, for recovery of payments made under one of said statements, for a declaratory judgment with respect to said statements, and for a direction that appellant turn over papers, documents and pleadings to respondent. Order reversed, with $10 costs and disbursements, and motion granted. The first statement was signed by respondent two days before the date upon which an action in which the respondent was a defendant was to appear on the trial calendar. Assuming that that statement was signed by respondent upon appellant's insistence and upon his statement that he would not proceed to represent respondent upon the trial unless respondent signed it, that would not constitute duress by reason of which respondent would be entitled to have the written statement invalidated. Further, the second statement of account, which was made more than four months after the first statement, recites that the second statement supplements the first and that in all other respects the first statement is " ratified and confirmed and is and shall be in full force and effect"; and it does not appear that respondent protested against the first statement on the ground of duress at any time in the interval between the times of the making of the two statements. The second statement was entered into after the action to which reference has been made had gone to judgment against respondent and after notice of appeal from said judgment had been served. The mere fact that appellant insisted on the making of that statement as a condition to turning over to respondent the papers, documents and pleadings in that action, respondent having engaged new counsel for the appeal, also did not constitute duress. Respondent's new attorney also represented him in the matter of the negotiations for and the making of the second statement, and signed the statement as a witness. The papers submitted on the motion do not indicate the existence of a triable issue of fact as to the claims of fraud in inducing respondent to enter into the statements of account. The correspondence between the parties and the second statement of account itself establish the contrary. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ New York and Suburban Federal Savings and Loan Association, Plaintiff, v. Fi Pen Realty Co., Inc., Appellant; Arp Realty Corp. et al., Respondents, et al., Defendants.— Appeal by defendant Fi Pen Realty Co., Inc., from so much of an order as confirms a report of a Referee in surplus money proceedings and allows certain claims. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.